The opinion of the court was delivered by
Yalentine, J.:
This was an action on an alleged forfeited criminal recognizance. The defendants demurred to the petition upon various grounds; but the real ground was, that the petition did not show that-the recognizance was ever entered into before any court or officer authorized for that pur-pc.se. The court below sustained the demurrer, and rendered judgment’in favor of the defendants and against the plaintiff for costs.
These are the only rulings of the court below of which the plaintiff in error complains. Everything with regard to the petition and recognizance appears to be regular and in form',' *224 ■except that the following words are indorsed on the recognizance :
“Taken and acknowledged before me, this 3d day of August, 1880. Webb McNall, Notary Public.
“Approved by me, this 4th day of August, 1880.
Jerry Brisbin, Sheriff.
Benjamin F. Closson, TJnder-Sheriff.”
. The defendants claim that the words, “Taken and acknowledged before me, this 3d day of August, 1880. — Webb McNall, notary public,” render the recognizance absolutely null and void. We think that this cannot be true. Section 154 of the criminal code reads as follows:
“Sec. 154. No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of .any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody, charged with a public offense, that he was ■discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for ■such offense.” (Comp. Laws of 1879, p.750.)
The plaintiff in its petition alleged, (stating the facts in ■ detail,) that the defendant Thomas Stanley was duly charged with a public offense; that he was legally in custody upon such charge; that, for the purpose of being discharged from •such custody, he, with the other defendants in this case, entered into the recognizance sued upon; and that the defendant Thomas Stanley was duly discharged from such eustody by reason of the giving of such recognizance; and both the petition and recognizance show that the defendants undertook that the defendant Thomas Stanley should appear before the district court of Smith county at its next term to be held thereafter, to. answer to .the criminal charge for which he was then in custody. Among other allegations in the petition, we find the following:
*225 “Plaintiff says that said recognizance was duly taken and ■approved by the sheriff of said Smith county; and the said Thomas Stanley, by reason of the acceptance of said recognisance by the said sheriff, was released from arrest and permitted to go hence.”
The judgment of the court below will be reversed, and ¡the cause remanded for furthér proceedings.
All the Justices concurring.